UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

BROWARD SHIPYARD, INC.,

    Plaintiff,

v.

M/Y *SMILING DOG*, a 1991 model 105-foot Chediek motor yacht registered in the Cayman Islands as Official Number 748072, its engines, tackle, furniture, furnishings, and appurtenances, including a 17-foot Boston Whaler tender, *in rem,* and SMILING DOG LTD., a Cayman Islands company, *in personam*,

    Defendants.

_____/

## VERIFIED COMPLAINT

Plaintiff, Broward Shipyard, Inc., sues *in rem* Defendant, M/Y *Smiling Dog*, a 1991 model 105-foot Chediek motor yacht registered in the Cayman Islands as Official Number 748072, its engines, tackle, furniture, furnishings, and appurtenances, including a 17-foot Boston Whaler tender, and *in personam* Defendant, Smiling Dog Ltd., and alleges:

1. Plaintiff, Broward Shipyard, Inc., (hereinafter "Broward Shipyard" or "Plaintiff"), brings a maritime lien foreclosure action under Title 46 U.S.C. § 31342 to collect money owed for *necessaries* provided to the *in rem* Defendant, M/Y *Smiling Dog*, and its 17-foot Boston Whaler tender.

2. Title 28 U.S.C. § 1331 provides subject matter jurisdiction to this Court because Broward Shipyard's maritime lien foreclosure action involves a federal question under Title 46 U.S.C. § 31342.

3. In addition, Broward Shipyard brings an action against *in personam* Defendant, Smiling Dog Ltd., to recover damages for breach of a maritime contract regarding services provided to M/Y *Smiling Dog*.

4. Title 28 U.S.C. § 1333 grants subject matter jurisdiction to this Court because Plaintiff's breach of maritime contract and *necessaries* lien foreclosure actions involve services provided to a vessel.

5. Broward Shipyard is a Delaware corporation that operates a boat yard at 750 NE 7th Avenue, Dania Beach, Florida 33004.

6. *In rem* Defendant, M/Y *Smiling Dog*, is a 1991 model 105-foot Chediek motor yacht, which is registered with the Cayman Islands Shipping Registry as Official Number 748072 ("Vessel").

7. M/Y *Smiling Dog* is a "vessel" as defined under Title 1 U.S.C. § 3.

8. At all times material, M/Y *Smiling Dog*, includes the engines, tackle, furniture, furnishings, and appurtenances, including a 17-foot Boston Whaler boat that serves as the Vessel's tender.

9. As an appurtenance of the Vessel, the 17-foot Boston Whaler tender is subject to the maritime *necessaries* lien described herein.

10. *In personam* Defendant, Smiling Dog Ltd., is a Cayman Islands company that has an office address of 2nd Floor, Grovenor's Square, 23 Lime Tree

Bay Avenue, Grand Cayman, KY1-1102.

11. At all times material, Smiling Dog Ltd. owns the Vessel, including the 17-foot Boston Whaler tender.

12. Charles Muszynski is the principal shareholder, director and/or manager of Smiling Dog Ltd.

13. Broward Shipyard invokes Rule 9(h) of the Federal Rules of Civil Procedure.

14. Broward Shipyard also invokes Supplemental Admiralty Rules C and E to foreclose its preferred maritime *necessaries* lien against the Vessel.

15. The Vessel is currently located at Broward Shipyard's facility, which is within the territorial jurisdiction of the U.S. District Court for the Southern District of Florida.

16. The storage and other services that Broward Shipyard provided to the Vessel, including the 17-foot Boston Whaler tender, are considered "*necessaries*" under the general maritime law and Title 46 U.S.C. § 31342.

17. On January 16, 2020, Smiling Dog Ltd. contracted with Broward Shipyard to obtain dockage and other services for the Vessel, including the 17-foot Boston Whaler tender. A copy of the contract is attached as Exhibit "1."

18. Smiling Dog Ltd. agreed to pay Broward Shipyard for the services provided to the Vessel, including its tender, in accordance with the rates described in the contract. See Exhibit "1."

19. The dockage and other services that Broward Shipyard provided to the

3

Vessel and its tender on order of the owner, Smiling Dog Ltd., are deemed "*necessaries*" under the general maritime law.

20. Broward Shipyard sent Smiling Dog Ltd. invoices for *necessaries* that were provided to the Vessel and its tender. Copies of the statement and outstanding invoices are attached hereto as Composite Exhibit "2."

21. Smiling Dog Ltd. has not paid Broward Shipyard's invoices that are attached in Composite Exhibit "2."

22. Broward Shipyard continues to provide storage and other services to the Vessel and its tender.

23. The amount owed for *necessaries* will continue to accrue until the date when the U.S. Marshal serves the Vessel with the warrant of arrest *in rem*.

24. Broward Shipyard is entitled to recover from the Vessel and its tender all expenses, including court costs and *custodia legis* expenses.

25. Broward Shipyard has fulfilled or satisfied all conditions precedent to file this action.

## COUNT I
### *NECESSARIES* LIEN FORECLOSURE ACTION PURSUANT TO TITLE 46 U.S.C. § 31301, *et, seq.*

26. Broward Shipyard re-alleges paragraphs 1, 2, and 4 through 25 of the Verified Complaint as if fully set forth herein.

27. Title 46 U.S.C. § 31342 provides Broward Shipyard a federal statutory cause of action that enables it to foreclose a maritime *necessaries* lien against the Vessel and its tender through this *in rem* action.

28. Broward Shipyard is entitled to foreclose its maritime *necessaries* lien to recover damages from the Vessel, including its tender, for the unpaid invoices under Title 46 U.S.C. § 31342 and general maritime law.

29. Broward Shipyard is also allowed to recover pre-judgment interest under the general maritime law.

30. Furthermore, Broward Shipyard is entitled to recover amounts for *necessaries* provided to the Vessel, including the tender, up to the point when the U.S. Marshal serves the warrant of arrest *in rem*.

31. In addition to recovering the amount due for *necessaries*, Broward Shipyard is entitled to recover court costs, including *custodia legis* expenses (e.g. U.S. Marshal's fees/expenses and the substitute custodian's fees and expenses), from the Vessel, including its tender.

WHEREFORE, Plaintiff, Broward Shipyard, Inc., demands the following relief:

(A) That the Court order the Clerk of Court to issue a warrant of arrest *in rem* for M/Y *Smiling Dog*, including the Vessel's 17-foot Boston Whaler tender, and direct the U.S. Marshals Service to serve the warrant on the Vessel and tender to bring them within the Court's jurisdiction.

(B) That the Court direct the manner in which Broward Shipyard shall give notice of this action to the owner, master, ranking officer and/or manager of the Vessel, including the tender, and to any persons, firms or corporations having an interest therein.

(C) That the Court order all persons claiming any interest in the Vessel, including the tender, to appear and answer the matters aforesaid.

(D) That the Court declare Broward Shipyard, Inc., has a preferred maritime lien for *necessaries* against the Vessel, including the tender, and that it is a valid and subsisting lien.

(E) That the Court declare Broward Shipyard Inc.'s preferred maritime *necessaries* lien is superior in interest to all other liens, claims or interests that may be asserted against the Vessel, including its tender, in this suit.

(F) That the Court decree all persons, firms and corporations claiming any interest in the Vessel, including the 17-foot Boston Whaler tender, who fail to intervene in this suit to assert their claims against the Vessel and tender are forever barred and foreclosed of all right or equity redemption, or claim of, in, or to said Vessel and tender.

(G) That the Court enter judgment in favor of Broward Shipyard against M/Y *Smiling Dog*, a 1991 model 105-foot Chediek motor yacht, which is registered with the Cayman Islands Shipping Registry as Official Number 748072, and its 17-foot Boston Whaler tender, for the outstanding debt owed for the *necessaries* described herein plus pre-judgment interest, and court costs, including *custodia legis* expenses.

(H) That the Court condemn M/Y *Smiling Dog*, including the 17-foot Boston Whaler tender, and order them sold at auction by the United States Marshal to pay the *in rem* judgment awarded to Broward Shipyard, Inc.

(I)   That the Court allow Broward Shipyard, Inc. to credit bid up to the amount of its judgment at the U.S. Marshal's sale of the Vessel and its 17-foot Boston Whaler tender.

(J)   That the Court decree that Broward Shipyard's credit bidding authority is superior to any other liens that may be asserted against the Vessel, including the 17-foot Boston Whaler tender.

(K)   And that the Court may award Broward Shipyard, Inc. such other and further relief as it deems just and proper.

## COUNT II
## BREACH OF MARITIME CONTRACT ACTION

32.   Broward Shipyard re-alleges the facts in paragraphs 3 through 13, and 17 through 25 of the Verified Complaint as if fully set forth herein.

33.   Defendant, Smiling Dog Ltd., breached the terms of the contract by failing to timely pay for the *necessaries* Broward Shipyard provided to the Vessel, including the 17-foot Boston Whaler tender. See Exhibits "1," and "2."

34.   As a direct and proximate result of Defendant, Smiling Dog Ltd.'s, breach of the agreements, Broward Shipyard sustained damages of $96,472.74 as of July 22, 2022 and this amount will continue accruing to the date when the Marshal arrests the Vessel.

35.   Under ¶ 15 of the contract, Broward Shipyard is entitled to recover attorney's fees and costs in litigating this action. (See Exhibit "1," ¶ 15).

36. Broward Shipyard is also entitled to recover prejudgment interest at the rate of 18% per year under ¶ 22 of the contract. (See Exhibit "1," ¶ 22).

WHEREFORE, Plaintiff, Broward Shipyard, Inc., demands the Court enter a final judgment in its favor against *in personam* Defendant, Smiling Dog Ltd., and requests the Court award Broward Shipyard, Inc., damages, prejudgment interest, attorney's fees, costs and such further relief as the Court may deem just and proper.

Dated:   August 19, 2022.

Respectfully submitted,

STROUP & MARTIN, P.A.
Attorneys for Plaintiff
119 Southeast 12th Street
Fort Lauderdale, Florida 33316
Telephone:  (954) 462-8808
E-mail:  fmartin@stroup.law.com
E-mail:  jstroup@strouplaw.com

By: */s/ Farris J. Martin, III*
    FARRIS J. MARTIN, III
    Florida Bar No. 879916
    JAMES W. STROUP
    Florida Bar No. 842117

(The Verification is on the next page.)

## VERIFICATION

Christopher Moore states under penalty of perjury:

1. My name is Christopher Moore, I am over twenty-one (21) years old, and I am the vice-president, secretary, and comptroller of Broward Shipyard, Inc.

2. I read the foregoing Verified Complaint and know the contents thereof. The factual allegations are true to the best of my knowledge.

3. The sources of my information as to all matters stated in the Verified Complaint are based upon my personal knowledge, my review of Broward Shipyard's records, interviews of Broward Shipyard's employees that have knowledge of the services and supplies provided to the Vessel, and the exhibits referred to herein.

Pursuant to Title 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2022.

By: _____
CHRISTOPHER MOORE, as Vice-President of
BROWARD SHIPYARD, INC.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with this Court's CM/ECF docketing system this 19th day of August, 2022.

By: */s/ Farris J. Martin III*
FARRIS J. MARTIN III
Florida Bar No.:  879916